IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LATIF A. QUASSAS,<br><br>    Plaintiff,<br><br>v.<br><br>DAYLIGHT DONUT FLOUR,<br>COMPANY LLC,<br><br>    Defendant,<br><br>v.<br><br>AVALON DONUTS INC.,<br><br>    Counterclaim Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. 09-CV-0663-CVE-PJC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Latif A. Qassas's ("Qassas") Motion to Strike. [Dkt. No. 63]. For the reasons set forth below, the motion is **DENIED**.

Qassas seeks to strike the reports and affidavits of Gavin W. Manes ("Manes"), the proposed expert witness of Defendant Daylight Donut Flour Company LLC ("Daylight"). Quassas contends that Manes' reports fail to identify any opinions he will offer and instead "merely presents facts determined as a result of his investigation." Plaintiff's Motion at 3. Qassas states that he cannot retain an expert to rebut Manes because Manes has offered no opinions for rebuttal. *Id.*

1

Daylight counters that Manes' reports and affidavits are sufficient to meet all requirements of Fed. R. Civ. P. 26(a)(2) and that Qassas misinterprets Rule 26 to the extent he believes an expert can only testify by offering opinion testimony.

*Discussion*

The Federal Rules of Civil Procedure provide that parties must disclose to their adversaries the identity of any witness to be used at trial to present evidence as an expert under Federal Rules of Evidence 702, 703 and 705. Fed. R. Civ. P. 26(a)(2)(A). Rule 26 provides for the orderly disclosure of proposed expert testimony. Where a witness has been retained to testify as an expert, he must provide a written report to the other side. The report must set forth:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the data or other information considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

Expert testimony is permissible if the Court first determines that "specialized knowledge will assist the trier of fact to understand the evidence or

to determine a fact in issue." Fed. R. Evid. 702.  This is an issue for the trial judge under Fed. R. Evid. 104(a).  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993).

Experts are not restricted to testifying only by opinion.  Fed. R. Evid. 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, <u>may testify thereto in the form of an opinion or otherwise</u>, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 (emphasis added).

Thus, experts may testify in the form of opinions, but may also "give test results, describe recognized principles of their specialized knowledge, provide general background, or simply explain other evidence." 29 Wright & Gold, Federal Practice and Procedure: Evidence §6263, p. 197 (1997).  One appellate court has noted, "[N]ot every expert need express, nor even hold, an opinion with regard to the issues involved in a trial."  *U.S. v. Rahm*, 993 F.2d 1405, 1411 (9th Cir. 1993) (distinguishing between admission of expert *testimony* and an expert *opinion*); *U.S. v. Verduzco*, 373 F.3d 1022, 1034 (9th Cir. 2004) (expert can provide testimony that is not in the nature of an opinion).

The Manes Report satisfies the requirements of Rule 26(a)(2).  The Report describes Manes' qualifications and professional history, lists his publications

authored during the past 10 years, lists cases in which he has testified as an expert and states his compensation. The Report also offers a summary of the expertise Manes utilized in determining present and historical ownership of the internet domain names daylightdonuts.com.au and avalondonuts.com. The Report sets forth the conclusions Manes reached after using specialized forensic tools -- "domain history tool," "reverse IP lookup tool," and other internet services. The Court finds that the reports and affidavits meet the requirements of Rule 26.

Qassas has offered an Affidavit of Robert Shofkom who states that the information in Manes' report is "common knowledge that any lay person with simple web experience can attain within a 5 minute investigation online." Skofkom Aff. at 1. After reviewing the Manes Report, the Court does not find Skofkom's statement credible; however, even if true, the issue it raises is really one for presentation at a *Daubert* hearing, not in an argument on the sufficiency of the Report itself.

The Court finds that the Manes Report complies with Rule 26 and that Plaintiff has provided no legal or factual basis for striking it. Accordingly, Qassas's Motion to Strike [Dkt. No. 63] is **DENIED**.

IT IS SO ORDERED this 21st day of May 2010.

_____
Paul J. Cleary
United States Magistrate Judge